**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | |
|---|---|
| Roslyn Gray | Case No: 13-cv-479 JPG/DGW |
| and | **COMPLAINT FOR DAMAGES** |
| | **UNDER THE FAIR DEBT COLLECTION** |
| Kenneth Gray | **PRACTICES ACT, THE ILLINOIS** |
| | **CONSUMER FRAUD AND DECEPTIVE** |
| Plaintiffs, | **BUSINESS PRACTICES ACT, THE** |
| | **ILLINOIS COLLECTION AGENCY ACT,** |
| v. | **INTENTIONAL INFLICTION OF** |
| | **EMOTIONALL DISTRESS, PUBLIC** |
| Enhanced Recovery Company, LLC | **DISCLOSURE OF A PRIVATE FACT, AND** |
| | **OTHER EQUITABLE RELIEF** |
| Defendant. | |
| | **JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1.  Plaintiff, Roslyn Gray, ("Roslyn"), is a natural person who resided in Carbondale, Illinois, at all times relevant to this action.

2.  Plaintiff Kenneth Gray, ("Kenneth") is a natural person who resided in Carbondale, Illinois at all times relevant to this action.  Kenneth is Roslyn's brother.

3.  Defendant, Enhanced Recovery Company, LLC, ("ER"), is a Limited Liability Company that maintained its principal place of business in Jacksonville, Florida.

**JURISDICTION AND VENUE**

4.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction

5.  Jurisdiction is also founded on 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

6.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## **STATEMENT OF FACTS**

7.  At all times relevant to this action, ER engaged in the business of consumer debt collection.

8.  ER regularly uses the telephone and mail to collect consumer debts that ER either purchased or was hired to collect.

9.  The principal source of ER's revenue is debt collection.

10. ER is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described below, ER contacted Roslyn about an obligation that Roslyn allegedly owed to AT&T, which had been incurred for personal rather than commercial purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Roslyn is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. Kenneth is a "consumer" as defined by 15 U.S.C. §1692a(3).

15. Around January 3, 2013, ER telephoned Roslyn for the first time in connection with the collection of the debt.

16. Since the time of ER's initial communication with Roslyn, ER has consistently telephoned Roslyn frequently.

17. Roslyn has not received any written communication from ER.

18. During one communication, Roslyn requested ER not call her so frequently as she doesn't have the money to pay and because the constant calls were starting to emotionally trouble her.

19. During one communication, Roslyn mentioned that the calls were inconvenient and need to stop.

20. In response to Roslyn's requests, ER replied, something substantially similar to, " we have to keep calling you."

21. During another communication, ER tauntingly told Roslyn they were going to call her every day until she paid the debt.

22.  On one occasion, ER telephoned Roslyn at 7:30 A.M, Roslyn's time.

23. 7:30 A.M. is before 8:00 A.M.

24. During another communication in March 2013, ER yelled violently at Roslyn and told Roslyn that her case had been in ER's office too long and Roslyn needed to get the money from relatives if Roslyn didn't have the money.

25. After January 3, 2013, ER telephoned Roslyn's brother, Kenneth in connection with the collection of the debt.

26. At the time of this communication, ER already had Roslyn's location information.

27. During this communication, ER disclosed to Kenneth that Roslyn owed the debt.

28. ER did not have permission from Roslyn to contact Kenneth.

29. During this communication with Kenneth, ER threatened to press charges against Roslyn.

30. ER has not pressed charges against Roslyn.

31. ER never intended to press charges against Roslyn.

32. During this communication with Kenneth, ER threatened to send Roslyn to jail.

33. ER has not sent Roslyn to jail.

34. ER never intended to send Roslyn to jail.

35. ER telephoned Kenneth approximately three times in connection with the collection of the debt.

36. Kenneth changed his telephone number because the calls from ER were extremely distressing to him.

37. Kenneth, terrified, told Roslyn that she might be going to jail.

38. Roslyn was extremely embarrassed regarding ER's disclosure and threats.

39. Roslyn was extremely terrified regarding ER's disclosure and threats.

40. ER caused Roslyn severe emotional distress.

41. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant violated 15 U.S.C. §1692b by disclosing the existence of Plaintiff's debt while communicating with a third party in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. Defendant violated 15 U.S.C. §1692c(b) by communicating with Kenneth in connection with the collection of the debt without Roslyn's consent.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

49. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Roslyn in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

50. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

51. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Kenneth in connection with the collection of the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

52. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

53. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means with in connection with the collection of the debt.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

54. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

55. Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect with the debt.

## COUNT EIGHT

### Intentional Infliction of Emotional Distress

56. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

57. Defendants engaged in conduct that was extreme and outrageous.

58. Defendants intended to cause or recklessly or consciously disregarded the probability of causing emotional distress.

59. As a result of Defendants' extreme conduct, Plaintiffs suffered severe emotional distress.

60. Defendants' conduct actually and proximately caused emotional distress.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

61. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

62. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns or affairs of the Roselyn.

63. Defendants intentionally caused harm to the Roselyn emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

64. Roslyn has a reasonable expectation of privacy in Roselyn's solitude, seclusion, and/or private concerns or affairs.

65. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

66. As a result of such invasions of privacy, Roselyn is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

67. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

68. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Kenneth.

69. Defendants intentionally caused harm to the Kenneth's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

70. Kenneth has a reasonable expectation of privacy in Kenneth's solitude, seclusion, and or private concerns or affairs.

71. Defendants violated that privacy.

72. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

73. As a result of such invasions of privacy, Kenneth is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT ELEVEN

### Violation of the Illinois Collection Agency Act

74. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

75. The Defendant violated Illinois' Collection Agency Act §9(15) by calling Plaintiffs at the frequency it did.

## COUNT TWELVE

### Violation of the Illinois Collection Agency Act

76. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

77. The Defendant violated Illinois' Collection Agency Act by engaging in the activity described, *supra*.

## COUNT THIRTEEN

### Public Disclosure of a Private Fact

78. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

79. Defendant released information that was private to the Roslyn and concerned Roslyn's private information about her financial situation to Kenneth.

80. The disclosure of debts, accusation of a crime, and the treat of imprisonment to him were highly offensive, embarrassing and terrifying.

81. This information is not of legitimate concern to the public.

82. Defendant is liable to Roselyn for this Disclosure.

## COUNT FOURTEEN

### Violation of the Illinois Consumer Fraud and

### Deceptive Businesses Practices Act

83. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

84. Defendant violated 815 ILCS 505/2 by using fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact in the conduct of any trade or commerce.

## JURY DEMAND

85. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

86. Plaintiff prays for the following relief:

   a. Judgment against ER for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k in favor of Roslyn.

   b. Judgment against ER for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k in favor of Kenneth.

   c. Judgment against ER in favor of Roslyn for their Intentional Infliction of Emotional Distress.

d.  Judgment against ER in favor of Kenneth for their Intentional Infliction of Emotional Distress.

e.  Judgment against ER in favor of Kenneth for their Invasion of Privacy by Intrusion upon Seclusion.

f.  Judgment against ER in favor of Roslyn for their Invasion of Privacy by Intrusion upon Seclusion.

g.  Judgment against ER in favor of Roslyn for Violation of the Illinois Collection Agency Act.

h.  Judgment against ER in favor of Kenneth for Violation of the Illinois Collection Agency Act.

i.  Judgment against ER in favor of Kenneth for the Public Disclosure of a Private Fact.

j.  Judgment against ER in favor of Roslyn for the Public Disclosure of a Private Fact.

k.  Judgment against ER for actual damages, punitive damages, and injunctive relief pursuant to 815 ILCS 505/10a.

l.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Lifetime Debt Solutions, LLC


By:____s/ Jeffrey S. Hyslip
One of Their Attorneys


Jeffrey S. Hyslip
917 W. 18th Street
Suite 200
Chicago, IL 60608